UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 23-60407-CIV-ALTMAN/HUNT

DEXTER LIVINGSTON PARRIS EL,

    Plaintiff,

v.

CITY OF MARGATE POLICE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") pursuant to 28 U.S.C. § 1915. ECF No. 3. The Honorable Roy K. Altman referred this case to the undersigned United States Magistrate Judge for pretrial non-dispositive matters. S*ee* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed Plaintiff's Application, the court file, and the applicable law, the undersigned respectfully recommends that Plaintiff's Motion be **DENIED**.

Courts follow a two-step process when determining whether a pro se plaintiff should be permitted to proceed in forma pauperis: first, a determination must be made whether the plaintiff qualifies by economic status, 28 U.S.C. § 1915(a)(1);[1] and second, the court must determine whether the cause of action stated in the complaint is "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

1.     Although § 1915(a)(1) uses the phrase "prisoner possesses," the in forma pauperis statute is not limited to prisoner suits. *E.g., Haynes v. Scott*, 116 F.3d 137, 140 (citing *Floyd v. USPS*, 105 F.3d 274, 276 (6th Cir. 1997)); *see also Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997).

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). While an applicant need not be "absolutely destitute" or subject herself to a public charge in order to proceed with IFP status, an applicant's "affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life"). A court properly exercises its discretion in denying an application, "when it appears that an applicant's access to court has not been blocked by her financial condition and that she is merely in the position of having to weigh the financial constraints imposed if she pursues her position against the merits of the case." *Fletcher v. Astrue*, No. 11-24398-CIV-ZLOCH/ROSENBAUM, 2011 WL 12219589, at *2 (S.D. Fla. Dec. 15, 2011) (internal quotation and citation omitted).

Here, it appears that Plaintiff's Application satisfies the first step. Plaintiff has no monthly income, savings of $100, and monthly expenses of $400. ECF No. 3. It appears that having to pay court fees would impact Plaintiff's ability to support and provide necessities for himself. Accordingly, the undersigned concludes that Plaintiff's Application establishes the economic criteria to proceed in forma pauperis.

Turing to the Complaint, the undersigned finds that Plaintiff has failed to state a claim upon which relief may be granted. Giving the Complaint the most favorable reading, Plaintiff possibly lists a cause of action under the Uniform Commercial Code ("UCC") Article 8. ECF No. 1. This is inferred by the security agreement in the Complaint. ECF No. 1 at 1, 4–10. However, the Complaint is merely a package of documents, which includes a trust, UCC statements, a security agreement, and other miscellaneous documents. *See* ECF No. 1. The Complaint does not set forth any facts to support any possible claims upon which relief may be granted. "A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.3d. 553, 556–57 (11th Cir. 1984). Accordingly, as Plaintiff's Complaint fails to set forth any allegations that may support a claim upon which relief may be granted, the Complaint should be dismissed. As a result, it is hereby **RECOMMENDED** that Plaintiff's Application, ECF No. 3, be **DENIED** and that Plaintiff's Complaint, ECF No. 1, be **DISMISSED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 28th day of March 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman

Dexter Livingston Parris El

5011 SW 11th Circle
Margate, Fl 33068-4057
PRO SE